UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NUMBER: 07-10022 |
| | * | |
| | * | 18 U.S.C. § 2251(a), (e), and § 2 |
| | * | (Sexual Exploitation of Children) |
| VERSUS | * | |
| | * | 18 U.S.C. § 2253 |
| | * | (Forfeiture) |
| | * | |
| | * | JUDGE: DRELL |
| BEN DARANDA | * | MAGISTRATE JUDGE: KIRK |

**GOVERNMENT'S TRIAL BRIEF**

**I.   Introduction**

Defendant BEN DARANDA is before the Court as a result of having been charged by a superceding indictment alleging Child Exploitation under 18 U.S.C. § 2251. Trial is set for August 19, 2008 before the Honorable Dee D. Drell.

**II.   Factual Background**

The government expects its case-in-chief to yield the following:

During the last week of July 2006, the defendant met Jane Doe #1, then age 15, at her boyfriend's residence in Alexandria, Louisiana. The defendant was an acquaintance of her 17 year old boyfriend. During this encounter, the defendant and Jane Doe #1 discussed their mutual interest in photography. The defendant told Jane Doe #1 that she was attractive and that she should be a model. Jane Doe #1 felt flattered by the compliment. Jane Doe #1 told the defendant that she was 15 years old. The 17 year-old boyfriend of Jane Doe #1 also told the defendant that she was 15 years

old.  The defendant told Jane Doe #1 that he was a photographer from California.  The defendant also told Jane Doe #1 he was 20, when in fact the defendant was 44.

Approximately a week later on August 3, 2006, the defendant talked with Jane Doe #1 on the phone about her posing for him.  Jane Doe #1 agreed to pose for him.  Jane Doe #1 also indicated that she had a friend that may be interested in posing.  The defendant asked Jane Doe #1 about the age of Jane Doe #2.  Jane Doe #1 replied that Jane Doe #2 was 15 years old.  Jane Doe #1 called Jane Doe #2 and asked her about posing, to which Jane Doe #2 agreed.  The defendant picked up Jane Doe #1 down the street from her house and Jane Doe #2 from her apartment.  The defendant drove the girls to a public park in Alexandria, Louisiana at approximately 11:30 p.m.

While at the park, the girls began photo session by engaging in benign non-sexually explicit poses.  The defendant then encouraged the girls to do more sexually explicit poses.  As the evening progressed, the girls' poses became more sexually explicit which included semi nude poses, simulated oral sex, kissing and fondling, and simulated sadistic & masochistic poses involving a belt. Some of the poses involved the girls' exposed breasts, buttocks, and vaginal area.  Also, the defendant told the girls that he would give them approximately $200.00 if they got nude.  The defendant also brought a tape measure to measure the girls' breasts claiming he wanted to measure them so that he could purchase the girls some tailored clothing.

At approximately 12:30 a.m. on August 4, 2006, an Alexandria Police Department (APD) officer, while patrolling the local park, received a complaint that a couple was in the park near the dock area having sex.  When the officer approached the dock area, he saw a series of flashes.  As the officer got closer, he saw the defendant taking photographs with a digital camera of the two girls posing in a sexually explicit manner.  The girls were partially nude with their breasts and genitalia

exposed. The girls told the officer they were 17 and 18 years old so that they could avoid being charged with violating Alexandria's curfew ordinance. The officer took the defendant and the two girls into custody and seized the digital camera. DARANDA refused to be interrogated, but, pleaded with the officer at the park not to arrest him and yelled that his "life is over." The defendant also repeatedly yelled "not again, not again." Apparently, DARANDA was a registered sex offender based on a 2001 Louisiana State felony conviction for Molestation of a Juvenile involving his then 7 and 9 year old step daughters.

After the arrest at the police station, the two girls gave a statement to the police regarding the park incident. The girls admitted they were both 15 years old. An examination of the digital camera revealed approximately 40 images of the two girls engaged in the above described sexually explicit conduct. The camera also contained additional images of an unidentified young female posing nude and performing oral sex on a male.

The Grand Jury on September 12, 2007 indicted the defendant for possession of child pornography under 18 U.S.C. § 2252A. On November 2007, the Grand Jury issued a Superceding Indictment adding a charge of Child Exploitation under 18 U.S.C. § 2251.

### III. Discovery

The government has provided the defense extensive discovery, which includes investigative reports from the APD and transcripts of the victims' interviews. The government has allowed the defense to view the sexually explicit images found on the defendant's camera. The government has also invited the defense to view and inspect the physical evidence seized. The government is not aware of any Brady or Giglio material that has not been provided to the defense. Although discovery was provided to previous defense counsel, present defense counsel has not communicated any issues

or problems with discovery.

## IV.     Elements of Offenses Charged

The Fifth Circuit does not have pattern jury instructions for Child Exploitation under 18 U.S.C. § 2251.  The following instructions are from the Ninth Circuit Criminal Pattern Jury Instructions, No. 8.150:

>    **First:**     at the time, [victim] was under the age of eighteen years;
>
>    **Second:**     the defendant: [employed] [used] [persuaded] [coerced] [victim] to take part in sexually explicit conduct for the purpose of producing a [e.g., video tape, photos] of such conduct;
>
>    **Third:**     the defendant knew or had reason to know that such visual depiction [e.g., video tape] would be mailed or transported across state lines or in foreign commerce; or
>
>    the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce.

## V.     Evidentiary Issues

### A.     Fed. R. Evid. 412 (Rape Shield)

Federal Rules of Evidence 412 requires the defense in a sex offense case to give the government written notice 14 days prior to trial of its intent to offer evidence regarding the victims' sexual predisposition or other sexual behavior.  The government has not receive such notice from the defense.  As such, the government does not anticipate Rule 412 evidence to be elicited at trial.

### B.     Fed. R. Evid. 414 (Prior Child Molestation Convictions)

The government on March 10, 2008 informed the defense if its intent to offer into evidence the defendant's 2001 Louisiana state felony conviction for child molestation.  As such, the government will tender a certified copy of the 2001 conviction.

      **C.**    **Fed. R. Evid. 609 (Impeachment By Prior Conviction)**

The government filed with the court its intent to impeach the defendant with his prior felony convictions if the defendant testifies at trial. The defendant has a Louisiana state 2001 felony conviction for child molestation (two counts) and a Louisiana state 2006 felony conviction for contributing to the delinquency of a minor (two counts).

      **D.**    **Fed. R. Evid. 902(a) (Self Authenticating Documents)**

The government will tender into evidence the birth certificates of the minor victims to establish their ages. The birth certificates bear the seal of Louisiana. As such, they are self authenticating under Fed. R. Evid. 902(a).

**VI.    Affirmative Defenses**

The government is not aware of any affirmative defenses that are applicable. The government filed a Motion in Limine to exclude evidence regarding the defendant's alleged mistaken belief that the victims were over 18 years of age at the time of the alleged offense.[1] As discussed in the government's supporting memorandum, child exploitation under Section 2251 is a strict liability offense regarding knowledge of the victim's age. As such, mistaken belief of age is not an available defense.

**VII.    Confidentiality Under 18 U.S.C. § 3509**

Section 3509 provides several protections to maintain the confidentiality of child victim/witnesses' identities in federal criminal cases. The government filed a motion the have the courtroom closed to the general public during the testimonies of the two minor victims. The court granted the motion and issued an order accordingly. Furthermore, the parties at the July 11, 2008

---

[1] As of the date of this filing, the government's Motion in Limine is still pending.

pretrial conference agreed to make generic references to the victims *in lieu* of using the victims' names.

Regarding the presentation of the sexually explicit images, the government will tender into evidence a CD containing the sexually explicit images of the victims that were seized from the defendant's camera.. At the appropriate juncture, the government will seek permission to publish the images to the jury via the courtroom's computer presentation system. However, the government requests that the CD be sealed, and that the images not be published to the general public at trial.

### VIII.  Superceding Indictment

The government originally charged the defendant with possession of child pornography. Subsequently, the grand jury superceding the indictment and added a charge of child exploitation under 18 U.S.C. § 2251. The government filed a motion to dismiss the child pornography charge from the superceding indictment, which the court granted.

To avoid confusion for the jury, the government requests permission redact the superceding indictment by deleting the child pornography charge and renumbering the counts.

### IX.  Stipulation

Previous defense counsel had agreed to stipulate that the Kodak camera that was seized from the defendant was not manufactured in Louisiana. The government presented previous defense counsel an affidavit from Kodak affirming that the camera was not manufactured in Louisiana.

Present defense counsel has not expressed any objection to the stipulation. As such, the government anticipates that the defense will stipulate as such at trial; thus, obviating the need to call a representative from Kodak as a witness.

## X.      Trial Duration

The government anticipates the trial should take no longer than two days.

Respectfully submitted,

DONALD W. WASHINGTON
United States Attorney


/s/ Earl M. Campbell
EARL M. CAMPBELL, #25957
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, LA 71101
318-676-3600