RECEIVED
JUL 1 8 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 07-10022 |
| VERSUS | JUDGE DEE D. DRELL |
| BEN DARANDA | MAGISTRATE JUDGE JAMES D. KIRK |

### J U D G M E N T

For the reasons contained in the Report and Recommendation of the Magistrate Judge previously filed herein, and after independent (de novo) review of the record including the objections filed herein, and having determined that the findings and recommendation are correct under the applicable law;

IT IS ORDERED that Daranda's Section 2255 motion (Doc. No.83) is DENIED.

In so ruling we note several additional record observations in regard to Daranda's present attacks on his retained counsel's performance.

Daranda complains now that he failed to receive a copy of the presentence report in a timely fashion. He also claims now that there was error because his attorney only went over it with him immediately before the sentencing hearing. The transcript of the sentencing hearing (Doc. No. 76 at pp. 3-4) contains the following:

> THE COURT: Are there any objections regarding the timing or the receipt of that presentence report?
>
> MR. CAMPBELL: No objections from the government.
>
> MR. SANDERS: None, Your Honor.

> THE COURT: And what about -- Mr. Sanders you have gone over and discussed this report with your client?
>
> MR. SANDERS: Yes, sir.
>
> THE COURT: All right. Mr. Daranda, do you think you've had an adequate opportunity to go through that with Mr. Sanders?
>
> THE DEFENDANT: Yes, Your Honor.

We make it a point to ask the <u>defendant</u> if he has had an adequate discussion regarding the presentence report. Obviously Daranda has now chosen to misrepresent what he said in Open Court, an unacceptable gambit. Likewise, he did not raise any objection when his attorney answered the Court that there were no objections to the timing or receipt of the report then nor during his allocution.

Next, in his objections, Daranda now seeks to have this Court interpret the statute of conviction as requiring that the camera used must have traveled in interstate commerce <u>after</u> he took the photographs. He cites no authorities for this proposition and we reject it, referencing the extensive briefing by the Magistrate Judge on the interstate commerce requirement in these cases.

We likewise find nothing else in the objections to the Report and Recommendation that convinces us that Daranda's petition under 28 U.S.C. § 2255 has merit.

THUS ORDERED AND SIGNED in Chambers at Alexandria, Louisiana, on this 17th day of July, 2012.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE