UNITED STATES DISTRICT COURT   b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 1:07-CR-10022-01 |
| VERSUS | CHIEF JUDGE DRELL |
| BEN DARANDA | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

I.   Background

Before the Court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 or, alternatively, to reduce sentence, filed by Ben Daranda ("Daranda") on November 15, 2016 (Doc. 144).  Daranda was convicted by a jury in 2008 on one count of sexual exploitation of children under 18 U.S.C. 2251(a) (Doc. 51).  Daranda was sentenced to life imprisonment pursuant to 18 U.S.C. § 2559(e) (Doc. 59).  See United States v. Daranda, 405 Fed. Appx. 834 (5th Cir. 2010), cert den., 563 U.S. 966 (2011).

Daranda previously filed a motion to vacate, set aside, or correct sentence (Doc. 83), which was denied (Docs. 89, 100).  Daranda then filed a motion for leave to file successive § 2255 motions (Docs. 127, 129), which was denied by the Fifth Circuit Court of Appeals (Doc. 142).

Daranda concedes that the life sentence imposed was mandatory and cannot be reduced.  Daranda asks this Court to vacate his conviction for sexual exploitation of children pursuant to the "Holloway doctrine" and, instead, allow him to plead guilty to the charge that was dismissed (Count 2 of the indictment), possession of child

pornography, and receive a lesser sentence.  Daranda contends that his life sentence, imposed for only one conviction, is disproportionate to the crime.

II.   Law and Analysis

Daranda asks for a reduction of his life sentence pursuant to the "Holloway doctrine," which arose from United States v. Holloway, 68 F. Supp. 3d 310 (E.D. N.Y. 2014).  In Holloway, a prisoner moved to reopen proceedings in a § 2255 motion.  Holloway had been sentenced to 57 years and 7 months imprisonment for his convictions for three car-jackings that were "stacked" under 18 U.S.C. § 924 (criminalizing the use of a firearm during a crime of violence).  Holloway had served about twenty years of his sentence in an exemplary manner.  However, Holloway's sentence was not reduced pursuant to § 2255.  Instead, two of Holloway's § 924 convictions were vacated by agreement of the United States Attorney, and he was resentenced on the remaining counts.

Daranda's motion will not be construed pursuant to § 2255 because he does not have permission from the Fifth Circuit Court of Appeals to file a successive § 2255 motion.  The filing of a successive petition is permitted when "the applicant shows that the claim relies on a new rule of constitutional law," § 2244(b)(2)(A), or when "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and the petitioner establishes prejudice in the absence of successive review, § 2244(b)(2)(B).  See Johnson v. Dretke, 442 F.3d 901, 907-908 (5th Cir. 2006), cert. den., 549 U.S. 956 (2006).  For either, the Fifth Circuit may authorize the filing of a second or successive application only if it determines that the

application makes a prima facie showing that the application satisfies the requirements of § 2244(b).  See 28 U.S.C. § 2244(b)(3)(C); see also In re Epps, 127 F.3d 364, 365 (5th Cir. 1997).  Since Daranda has not shown that he applied to the Fifth Circuit Court of Appeals for permission to file a successive § 2255 application and that such permission was granted, this Court may not consider a successive § 2255 motion from him.

Moreover, § 2255 is not the proper vehicle for a sentence reduction.  See United States v. Sumner, 2016 WL 5415608 (D. D.C. 2016); Brown v. United States, 2016 WL 4745822, *2 (N.D. Ohio Sept. 13, 2016); Buitrago v. United States, 2016 WL 4366486, *2-*3 (S.D. Fla. 2016); Casado v. United States, 2016 WL 4196659, *2-*3 (S.D. Fla. 2016); Acuna v. United States, 2016 WL 3747531, *2 (D. Hi. 2016) ; United States v. Marin-Moreno, 2016 wl 901666, *2 (E.D.N.Y. 2016); Wade v. United States, 2015 WL 7732834, *1-*2 (D. Md. 2015).

In fact, there is no "motion to reduce sentence."  Generally, a federal court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); see also Dillon v. United States, 560 U.S. 817, 819 (2010).  However, 18 U.S.C. § 3582(c) provides three exceptions to this general rule. Specifically, the Court is authorized to modify a term of imprisonment once imposed only: (1) upon motion by the Director of the Bureau of Prisons; (2) when expressly permitted by statute or Federal Rule of Criminal Procedure rule 35; or (3) where the applicable sentencing guideline range has been retroactively lowered by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(1)–(2).  None of those exceptions apply to Daranda's case.

Finally, Daranda seeks a <u>Holloway</u>-type sentence reduction. However, Daranda's case is not like Holloway's. Daranda has not shown why his case is unique and a reduction of sentence is justified. Daranda did not have multiple, "stacked" convictions. Daranda's sentence was enhanced pursuant to 18 U.S.C. § 3559(e) because he had a prior conviction for a sex offense against children. Therefore, Daranda's argument that he received a life sentence for only one conviction is erroneous. In fact, Daranda had multiple prior convictions for sex offenses involving juveniles. Moreover, Daranda has not alleged or shown that he has already served a lengthy portion of his sentence in an exemplary fashion, as was the case in <u>Holloway</u>. In addition, the United States Attorney has not endorsed a reduction of Daranda's sentence. A <u>Holloway</u>-type of sentence reduction requires action by the United States Attorney. As discussed above, the Court may not, on its own, reduce Daranda's sentence. Finally, Holloway has not shown that his victims either endorse or do not oppose a reduction of his sentence.

Therefore, Daranda's § 2255 motion should not be considered and his motion to reduce sentence should be denied.

### III. <u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that Daranda's motion not be considered pursuant to § 225, and his motion to reduce sentence should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with

the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __27th__ day of February, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge