UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 07-cr-10022 |
| -vs- | JUDGE DRELL |
| BEN DARANDA (01) | MAGISTRATE JUDGE PEREZ-MONTES |

ORDER

Before the court is Ben Daranda's ("Daranda") "Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A)," commonly referred to as a motion for compassionate release (Doc. 164), a motion entitled "Expedited Request" which seeks to supplement his motion for compassionate release and to obtain appointed counsel (Doc. 166), and "Emergency/Expedited Renewed Request for Appointment of Counsel" (Doc. 173). The Government has responded to the motion for compassionate release (Doc. 181).

I. Background

Daranda was charged in a superseding indictment with one count of child exploitation and production of child pornography under 18 U.S.C. §2251 and one count of possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). Following a jury trial of the matter, Daranda was found guilty of production of child pornography, and on November 21, 2008, he was sentenced to life imprisonment.

On July 8, 2024, defendant filed his motion for compassionate release arguing he received an unusually long sentence, and he suffered from certain medical conditions which are not being adequately treated by the Bureau of Prisons ("BOP"). He contends these constitute "extraordinary and compelling reasons" warranting his early release from prison. On March 20, 2025, Daranda

filed a one-page motion seeking to supplement his motion for compassionate release and asking that the court appoint counsel to assist him with his motion. Therein, he advised that he had been admitted for a surgical procedure to reduce the size of his prostate, and subsequently learned that he had cancer. Daranda further explained he could not obtain medical records from USP Tucson's medical department to verify his statement, but he asked the court to take notice of the fact when reviewing his motion for compassionate release. On May 29, 2025, Daranda provided the medical records he was finally able to obtain from USP Tucson. (Doc. 170).

On March 28, 2025, the government filed a motion to place this matter in abeyance as Daranda was arguing that Section 1B1.13(b)(6) was applicable to his motion for compassionate release because the court erred in computing his life sentence, and Fifth Circuit jurisprudence was unsettled on whether the "change of law" provision under Section 1B1.13(b)(6) could be applied retroactively. (Doc. 167). That motion was granted on April 2, 2025 (Doc. 167) and then lifted on April 29, 2025 once the Fifth Circuit issued mandates settling the issue (D0c. 168).

On May 30, 2025, the Government sought an extension of time to file its response to the motion for compassionate release (Doc. 171) which the court granted. Then, on June 17, 2025, Daranda filed his "emergency/expedited" motion again requesting the appointment of counsel to assist him in this matter (Doc. 173), and he renewed the motion on June 24, 2025 (Doc. 175). Because the renewed motion was duplicative, it was denied as moot (Doc. 177).

After a second request for an extension of time to respond to the motion for compassionate release (Doc. 179), Daranda filed another motion to expedite consideration of his motion (Doc. 180) in which he advised his cancer had metastasized. The Government filed its response on July 2, 2025 and Daranda filed his reply on August 4, 2025 (Doc. 189) and supplement reply on August 25, 2025.

II.  Analysis

A.  Appointment of Counsel

We first address Daranda's repeated request for the appointment of counsel. There is no constitutional or statutory right to counsel for federal postconviction or compassionate release proceedings. See Urias v. Thaler, 445 F.Appx 522, 523 (5th Cir. 2011); United States v. Whitebird, 55 F.3d 1007, 1011 (5th Cir. 1995). The interests of justice do not suggest an attorneys should be appointed to represent Daranda in these proceedings. Mr. Daranda has been diligent in providing the court with his medical records and arguing the merits of his case.

B.  Compassionate Release

Generally, courts cannot modify sentences once imposed. Freeman v. United States, 564 U.S. 522, 526 (2011); see also 18 U.S.C. § 3582(c). However, this rule is subject to some exceptions. A court may reduce a term of imprisonment upon finding "extraordinary and compelling" circumstances and consideration of the factors set forth in 18 U.S.C. § 3553(a) ("Section 3553(a) factors"). 18 U.S.C. § 3582(c)(1)(A); United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021). Should a court find no "extraordinary or compelling reason[]" that warrants a reduction in sentence, the court may end its analysis there and not proceed to reviewing Section 3553(a) factors. See id.

If a court does accept the "extraordinary and compelling reasons" provided in the motion and duly examines the Section 3553(a) factors, then the defendant's sentence should be reduced in accordance with "applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(2). The policy statement that specifically references Section 3582 is United States Sentencing Guidelines § 1B1.13 ("Section 1B1.13"). It provides that "[u]pon

motion of the Director of the Bureau of Prisons [("BOP") or the defendant[1]]," a court may reduce the term of imprisonment after considering the Section 3553(a) factors if the court finds that "extraordinary and compelling reasons warrant the reduction[;] the defendant is not a danger to the safety of any other person or to the community[; and] the reduction is consistent with this policy statement."[2] U.S.S.G. § 1B1.13(1)(A), (2)-(3).

Though not binding or dispositive, Section 1B1.13's policy statement in the Sentencing Guidelines includes commentary specifying the types of medical conditions that could qualify as extraordinary and compelling reasons for sentence reduction. Thompson, 984 F.3d at 433. First, this standard is met if the defendant is "suffering from a terminal illness[, *e.g.*,] metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, defendants also qualify under this standard if he or she: (1) suffers from a serious physical or medical condition, (2) suffers from a serious functional or cognitive impairment, or (3) experiences deteriorating physical or mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The commentary also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons," including some related to the defendant's age and familial circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-

---

[1] The policy statement's commentary provides that "[t]his policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law." U.S.S.G. § 1B1.13 cmt. n.4. As of 2018, the law now recognizes that either the BOP director or the defendant, subject to administrative exhaustion, may move to reduce his sentence. 18 U.S.C. § 3582(c)(1)(A).

[2] The policy statement also addresses reductions for defendants who are at least 70 years old and have served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c). U.S.S.G. § 1B1.13(1)(B). That provision is not applicable in this case.

(C). Finally, the commentary recognizes the possibility that BOP could identify other grounds that amount to extraordinary and compelling reasons for sentence modification. U.S.S.G. § 1B1.13, cmt. n.1(D).

Following the passage of the First Step Act of 2018, BOP's director amended its regulations and issued BOP Program Statement 5050.50. The statement sets forth, in detail, BOP's definition of the circumstances that may support a request for compassionate release, which is limited to the same bases the Sentencing Commission identified: serious medical conditions, advanced age, and familial circumstances. FED. BUR. OF PRISONS, PROGRAM STATEMENT 5050.50 – COMPASSIONATE RELEASE/REDUCTION IN SENTENCE: PROCEDURES FOR IMPLEMENTATION OF 18 U.S.C.§§ 3582 AND 4205(g) (Jan. 17, 2019).

      i.     Unusually Long Sentence

In United States v. Austin, 124 F.4th 688 (2025), the Fifth Circuit Court of Appeals held that "[a] non-retroactive change in the law cannot constitute an extraordinary and compelling reason justifying sentence reduction under § 3582(c)(1)." Id. at 693. As Daranda's argument relies upon a non-retroactive change in the law under § 401 of the First Step Act, he has not shown an extraordinary and compelling reason for compassionate release.

      ii.    Medical Condition

On August 25, 2025, Daranda provided the court with medical documentation which states:

> This is a 67 year-old gentleman status post-TURP with Gleason 9 prostate cancer and PET positive nodes, initial PSA 5.3, Stage IV disease.

(Doc. 190). United States Sentencing Guideline § 1B1.13(b)(1) provides that medical circumstances of the defendant constitute extraordinary and compelling reasons. Among them are the following:

    (A)    The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of life-trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

Daranda has provided evidence that he has metastatic prostate cancer. Although he is undergoing treatment, that treatment is intended to delay the advancement of his cancer, not cure it. Accordingly, we find that his diagnosis is a medical circumstance constituting an extraordinary and compelling reason for compassionate release. Nevertheless, we do not find Daranda entitled to release based on an evaluation of the § 3553(a) factors addressed *infra*.

    iii.    Rehabilitation

Daranda further argues that his rehabilitation efforts warrant release. We applaud Daranda for making the most of his time in prison to improve himself. Nevertheless, the § 3553(a) factors do not weigh in favor of early release.

    iv.    18 U.S.C. § 3553(a)

The nature and circumstances of Daranda's offense and his history and characteristics continue to disfavor release. Daranda has a long criminal history involving sexually based crimes. In or around 1992 he was charged by the State of Louisiana with sexual battery after he victimized two Louisiana State University ("LSU") students by fondling them. He was ultimately convicted of simple battery. In 2001, he was convicted of molestation of a juvenile. In 2006 he was again charged with sexual battery for engaging in conduct with LSU students akin to that charged in 1992 (after having been previously banned from campus). Again, Daranda was convicted of simple battery. One year later, he was indicted and charged with production of child pornography and possession of child pornography after taking sexually explicit pictures of minors in a park.

These are very serious crimes, and the seriousness is evidenced by the fact that the mandatory sentence for this crime was life imprisonment pursuant to 18 U.S.C. § 3559(e).

Daranda argues that his treatment of Lupron injections is essentially the chemical castration, so he is no longer a danger to the community. He also argues that he is no longer classified by BOP as a danger to the community. Nevertheless, he has failed to provide evidence to support his conclusory statements. Accordingly, based on record evidence, we do not agree that he is no longer a danger to the community.

Finally, early release for Daranda would not promote respect for the law, afford adequate deterrence to criminal conduct, nor protect the public from further crimes of the defendant. Moreover, it would cause a disparity from sentences other defendants have received for similar conduct.

C. Conclusion

For the reasons stated herein it is

ORDERED that Daranda's motion for appointment of counsel is DENIED. IT is further ORDERED that Daranda's motion for compassionate release (Doc. 164) is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 6th day of November 2025.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT